UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 16-07130 JAK (SS)              Date: October 27, 2016
                                               Page 1 of 4

Title:    Danny McGowan v. Susan A. Chapman, et al.

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT RECOMMEND DISMISSAL PURSUANT TO THE YOUNGER ABSTENTION DOCTRINE**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

  _Marlene Ramirez_         _____None_____         __None__
    Deputy Clerk          Court Reporter/Recorder     Tape No.

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR RESPONDENT:

    None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS)**

On September 22, 2016, Danny McGowan ("Plaintiff"), a California resident proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. (the "Complaint"). (Dkt. No. 1). However, the Complaint may be subject to dismissal pursuant to the doctrine of abstention, as set forth in Younger v. Harris, 401 U.S. 37 (1971), and its progeny.

In his Complaint, Plaintiff seeks relief from juvenile dependency proceedings in Los Angeles County state court. (Compl. at 2, 37). Plaintiff raises several grounds for relief, including claims under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. Plaintiff also files claims for conspiracy to interfere with Plaintiff's civil rights pursuant to 42 U.S.C. § 1985(3), abuse of process, fraud, slander, intentional infliction of emotional distress, malicious prosecution, and conspiracy to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     CV 16-07130 JAK (SS)                    Date: October 27, 2016
                                                                                    Page 2 of 4

Title:       Danny McGowan v. Susan A. Chapman, et al.

participate in racketeering in violation of the RICO Act pursuant to 18 U.S.C. § 1962(d). Id. at 1-2.

As a general proposition, a federal court will not intervene in a pending state judicial proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger, 401 U.S. at 45-46; Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Although Younger abstention originally applied only to federal cases where parallel criminal proceedings were pending in state court, the Supreme Court "has extended Younger abstention to particular state civil proceedings that are akin to criminal prosecutions . . . or that implicate a State's interest in enforcing the orders and judgments of its courts." Sprint Commc'ns, Inc. v. Jacobs, __U.S.__, 134 S. Ct. 584, 588 (2013). Younger abstention is appropriate when the state proceedings: "(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." ReadyLink, 754 F.3d at 759. The federal court should abstain unless there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008) (quoting Middlesex Cnty. Ethics Comm., 457 U.S. at 435).

Here, all of the criteria for Younger abstention appear to be satisfied. First, state proceedings are ongoing. The Complaint describes at least one pending state child custody action. (Compl. at 3-4). Further, Plaintiff asserts that he has not exhausted all state remedies that relate to facts stated in the Complaint, (Compl. at 3), and Younger abstention applies to prevent federal intervention where a losing litigant has not yet exhausted his state appellate remedies.[1] See Dubinka v. Judges of Superior Court, 23 F.3d 218, 223 (9th Cir. 1994) (citing Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975)).

---

[1] Plaintiff does not state whether he also appealed the child custody decision to the appropriate state appellate court. (See Compl. at 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     CV 16-07130 JAK (SS)                                    Date:  October 27, 2016
                                                                      Page 3 of 4

Title:       Danny McGowan v. Susan A. Chapman, et al.

      Second, the proceedings implicate an important state interest, specifically in enforcing the orders and judgments of its courts.  ReadyLink, 754 F.3d at 759.  Third, the state proceedings appear to provide adequate opportunities to litigate Plaintiff's federal claims.  Indeed, as noted above, Plaintiff claims that he was involved with at least one child custody proceeding in state court.  A ruling by this Court in Plaintiff's favor would have the practical effect of enjoining ongoing state proceedings, which is what Plaintiff seeks as a remedy to this action. (See Compl. at 37).  Finally, Plaintiff has not demonstrated any extraordinary circumstances that raise a "great and immediate" danger of irreparable harm.

      In sum, based upon the Petition as currently submitted, Younger abstention may be required.  Plaintiff is therefore **ORDERED TO SHOW CAUSE, within fourteen (14) days** of the date of this Order, why the Court should not recommend that the Petition be dismissed pursuant to the doctrine of abstention.  Plaintiff is directed to inform the Court of any reason why the Younger abstention criteria are not satisfied.  Plaintiff is further directed to inform the Court of any facts demonstrating that an extraordinary circumstance renders the danger of irreparable harm both great and immediate.

      **Instead of filing a response to the instant Order, Plaintiff may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Plaintiff's convenience.  However, Plaintiff is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

      **Plaintiff is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed for failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    CV 16-07130 JAK (SS)                              Date:  October 27, 2016
                                                              Page 4 of 4

Title:    Danny McGowan v. Susan A. Chapman, et al.

     The Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at his address of record.

     IT IS SO ORDERED.


MINUTES FORM
CIVIL-GEN                                                     Initials of Deputy Clerk  mr